FILED
99 SEP 15 AM 8:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON CLEMMONS, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. CV 98-B-3100-S |
| THE HERTZ CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

ENTERED
SEP 1 5 1999

## MEMORANDUM OPINION

This case is before the court on the motion of defendants, The Hertz Corporation ("Hertz") and Venesa Wilson ("Wilson") (collectively, "defendants"), to dismiss this case without prejudice pursuant to Alabama Code § 6-5-440 (1975). The basis of defendants' motion is that this purported class action is nearly identical to an earlier-filed action in the United States District Court for the Middle District of Alabama, *Davis v. The Hertz Corporation*, CV 98-C-1134-N. (A copy of the Davis Complaint is attached to this Memorandum Opinion as Exhibit A.) Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law the court finds that the motion is due to be granted.

### FRAUDULENT JOINDER AND DIVERSITY JURISDICTION

Although the plaintiff has not filed a motion to remand, the court must first determine whether this case is properly in federal court. The court concludes that it is. The named plaintiff is a resident of the State of Alabama. Defendant Hertz is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the

laws of the State of Delaware, having its principal place of business in the State of New Jersey. Venesa Wilson is alleged to be a citizen and resident of the State of Alabama. The court, agrees with defendants' argument that Venesa Wilson has been fraudulently joined, thereby creating diversity jurisdiction. When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based on diversity of citizenship. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

In determining whether a defendant has been fraudulently joined the court considers two factors: (i) "whether there is any possibility the plaintiff can establish any cause of action against the resident defendant" under either the law or the facts alleged, and (ii) "whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court." *Cabalceta v. Stand and Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *see also Tapscott*, 77 F.3d at 1360 n.17. If either factor is present, the resident defendant has been fraudulently joined and should be ignored for jurisdictional purposes.

For the reasons set out below, and set out in more detail in defendant Hertz Corporation's Notice of Removal, under the facts alleged by the plaintiff in the Complaint, plaintiff cannot establish a cause of action against Venesa Wilson. Accordingly, she has been fraudulently joined. Because Ms. Wilson is the only non-diverse defendant, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Plaintiff has set forth six causes of action against defendants, all of which are based on what plaintiff believes was the unlawful charging of sales tax by the defendants in connection with his rental of an automobile. However, despite his use of the general term "defendants" in

each count, plaintiff has failed to make any allegations against Ms. Wilson that could possibly subject her to liability. Rather, as demonstrated in Hertz Corporation's Notice of Removal, each and every count asserted by the plaintiff against the defendants is based on the content of the "standard form rental contract" written and provided by Hertz.

The factual basis for all of plaintiff's claims against all defendants is set forth in paragraph 4 of the Complaint. According to that paragraph,

> On or about November 1, 1998, plaintiff JASON CLEMMONS rented an automobile from Defendant THE HERTZ CORPORATION; VANESSA [sic] WILSON; and various fictitious party defendants. <u>In accordance with the standard form contract #GN1900005 issued and/or provided by defendants, HERTZ CORPORATION, and fictitious party defendants</u>, the plaintiff, on information and belief, was charged sales tax on the rental of his automobile. Title to said vehicle at all times material to the events made the basis of this claim remained with the defendants, both named and fictitious, and at no time did title to said vehicle pass to the plaintiff. Plaintiff asserts this claim on behalf of all persons who have rented a motorized vehicle, or any other tangible personal property from the defendants and were charged and paid sales tax for said rental in violation of Alabama law.

Complaint at ¶4 (emphasis added).

Paragraph 5 summarizes plaintiff's claims as follows:

> Count I alleges that <u>the above described conduct</u> constitutes a breach of contract on the part of the defendants, both named and fictitious. Count II alleges fraudulent misrepresentation on the part of the defendants, both named and fictitious, in that <u>the standard form rental contracts</u> generated and/or provided by the defendants represented to the plaintiff and members of the class that sales tax was due and payable as part and parcel to a rental contract under Alabama law. Count III alleges that <u>the above described conduct</u> constitutes fraudulent suppression by the defendants, both named and fictitious in that the <u>standard form contract</u> generated and/or provided by the defendants to the

3

> plaintiff and members of the class were never told that the rental transactions entered into were not subject to the sales tax provisions of the Code of Alabama. Count IV alleges negligent, willful and/or wanton conversion of personal property. Count V alleges negligent and/or wanton training and supervision. Count VI alleges conspiracy and collusion.

Complaint at ¶5 (emphasis added).

Plaintiff clearly bases his claims on the contract he entered into with *Hertz*, and not on any alleged act or omission of Ms. Wilson herself. As such, plaintiff cannot state a cause of action against Ms. Wilson under any of the six counts contained in the Complaint. Because Ms. Wilson was fraudulently joined as a defendant, diversity jurisdiction is present in this case.

## DISMISSAL WITHOUT PREJUDICE

Alabama law prohibits a plaintiff from maintaining two separate causes of action against the same defendant in two separate fora. ALA. CODE § 6-5-440. According to that section

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

The effect of the statute as applied in recent class action decisions from the Alabama Supreme Court is that the instant action, as the second-filed class action, should be dismissed. *First Tennessee Bank, N.A. v. Snell*, 718 So. 2d 20, 22 (Ala. 1998)("It is true that a prior-filed class action prevails over a later-filed class action involving substantially identical class allegations and requires the abatement of the later-filed action."); *Ex parte First National Bank*

*of Jasper*, 717 So. 2d 342, 350 (Ala. 1997)("a court lacks subject matter jurisdiction over an action containing class allegations, as long as there is pending in another court a prior-filed action involving substantially identical class allegations"). These cases have held that a second-filed class action lawsuit involving substantially similar claims against the same defendant as an earlier-filed class action should be dismissed pursuant to Alabama Code § 6-5-440. In these cases, the Alabama Supreme Court has mandated the *dismissal*, under § 6-5-440, of a second-filed class action arising out of substantially similar allegations.

It is clear from the allegations in the Complaints filed in the two cases that these putative class representatives seek redress on behalf of one class for the same alleged wrong. The *Davis* Plaintiff seeks recovery from "Hertz and its licensees [for] added surcharges and fees to . . . Alabama rental agreements that are facially indistinguishable from taxes including, among others, "TRS" or "tax." *See Davis* Complaint at ¶13. According to the *Davis* Complaint, "The surcharges, fees, and taxes asserted by Hertz and its licensees are not authorized by state and local law, and are actually disguised rental rate increases. Therefore, rental car customers are misled both as to the nature of these charges and the corporate or affinity group be entitled [sic]." *Id.* at ¶15.

Plaintiff in the instant matter seeks recovery from Hertz based on "execution of a standard form contract" in which "defendants . . . included within the cost of rental . . . a separate sum of money that was labeled as a 'surcharge' and calculated according to the applicable sales tax rate." Complaint at ¶2. Plaintiff states further that "[t]he collection of monies under the sales tax provision of Alabama law results in over charges for all rental transactions . . ." *Id.* at ¶3. This appears to be the issue already pending in the Middle

5

District of Alabama in the *Davis* case.

There is only one charge at issue in both actions: the 8% Tax Reimbursement and Surcharge. It is clear from the allegations of both Complaints that the plaintiffs seek redress on behalf of <u>one</u> class for <u>one</u> alleged wrong. Therefore, since *Davis* and *Clemmons* involve substantially similar claims, the same purported class, and the same nucleus of facts, the claims brought on behalf of the second duplicative class must be dismissed without prejudice.

Mr. Clemmons suffers no prejudice by the dismissal of this case. As Mr. Clemmons could be a member of the *Davis* class, the commencement of the *Davis* class action suspends the applicable statute of limitations as to Mr. Clemmons's claims until a decision is made by the Middle District of Alabama regarding certification in *Davis*. *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1379 (11th Cir. 1998).

## CONCLUSION

Based upon the foregoing, defendants Motion to Dismiss is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 14th day of September, 1999.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

FILED

OCT 2 1998

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| ROSALIND DAVIS, for herself and for all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION; DECATUR TRANSIT, INC.; ABC Corporation; DEF Corporation; GHI Corporation; J & K, Partnership; L & M Partnership; N, O, P, Q, R & S, other legal entities and individuals, fictitious defendants whose names are unknown, but will be added by amendment when ascertained,<br><br>    Defendants. | CIVIL ACTION NUMBER:<br><br>98-C-1134-N |

## COMPLAINT

Plaintiff brings the following class action complaint against defendants:

1. Plaintiff Rosalind Davis ("Davis") is over the age of twenty-one years and is a resident, citizen of Illinois. She has rented cars in Montgomery County, Alabama, from defendant Hertz and/or Hertz licensees and/or from one or more fictitious defendants. Plaintiff Davis brings this lawsuit for herself and on behalf of all others similarly situated.

2. Defendant The Hertz Corporation ("Hertz") is a corporation organized and existing outside Alabama and having its principal place of business in New Jersey. Defendant Hertz does business within Alabama and has sufficient contacts with Alabama to warrant the exercise of personal jurisdiction over it. Defendant Hertz is the leading car rental company in the United States.

3.  Decatur Transit, Inc. ("Decatur") is the Hertz licensee for the Huntsville, Madison County, Alabama area. Decatur is an Alabama corporation and rents, as a Hertz licensee, automobiles at the Huntsville/Madison County Airport.

4.  The fictitious defendants include the correct legal name and entity designation for the named defendant. The fictitious defendants also include the licensees of Hertz, or of another fictitious defendant, from whom plaintiff Davis and the members of her class have rented automobiles. The fictitious defendants also include all other individuals and entities who participated in the wrongs alleged herein.

5.  Jurisdiction is founded upon diversity of citizenship, the amount in controversy exceeding $75,000. Each defendant regularly conducts business in Montgomery County or elsewhere in Alabama.

6.  Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which plaintiff seeks to represent is defined as: "All persons, firms and corporations (other than defendants, their parents and subsidiaries and their directors, officers, employees, agents or representatives) who rented cars or other vehicles from one or more of the defendants at any time since December 1, 1990 at car rental locations in the State of Alabama. Excluded from the Class are all United States and State of Alabama judges, magistrates, family members of any such judges and all employees of any such judges.

7.  This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (2) and (3), and satisfies the numerosity, commonality, typicality, adequacy and superiority

requirements thereof because:

(a) The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of F.R.Civ.P. 23(a)(1).

(b) Common questions of law and fact exist as to all members of the class, as required by F.R.Civ.P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of F.R.Civ.P. 23(b)(3). These common questions of law and fact include, without limitation:

(1) Whether Hertz and its licensees engaged in a scheme to defraud plaintiff and members of the class as to their effective car rental rates and discounts;

(2) Whether Hertz and its licensees suppressed material facts and information regarding rental car rates from plaintiff and members of the class;

(3) Whether Hertz and its licensees conspired to defraud plaintiff and members of the class;

(4) Whether Hertz and its licensees conspired to suppress material facts and information from plaintiff and members of the class;

(5) Whether Hertz and its licensees negligently misrepresented car rental rates and discounts to plaintiff and members of the class;

(6) Whether Hertz and its licensees breached their rental contracts with plaintiff and members of the class;

(7) Whether plaintiff and members of the class paid higher prices for car rentals than they otherwise would have paid but for the wrongful conduct of defendants;

3

(8) Whether Hertz and its licensees were unjustly enriched by unconscionable conduct toward plaintiff and members of the class;

(9) Whether Hertz and its licensees should be enjoined from enhancing its revenue from car rentals by falsely representing to all of their customers that they are paying a tax recovery surcharge;

(10) Whether Hertz and its licensees should be enjoined from collecting from their customers a "tax recovery surcharge" without any statutory authority to do so; and,

(11) Whether Hertz and its licensees should be required, as an equitable matter, to refund to their customers and class members all money collected as taxes (over and above the true amount of any applicable taxes), as well as all amounts denominated as "tax recovery surcharges".

(c) Plaintiff's claims are typical of the claims of the members of the class under F.R.Civ.P. 23(a)(3). The plaintiff and all members of the class have sustained damages arising out of defendants' unlawful conduct as complained of herein. The losses of each member of the class were caused by defendants' wrongful conduct as alleged herein.

(d) The plaintiff will fairly and adequately protect the interest of the class as required by F.R.Civ.P. 23(a)(4). Plaintiff has no interests which are adverse to the interests of the class members. Plaintiff rented cars or other vehicles from one or more of the defendants and is an adequate representative of the class. Plaintiff has retained counsel who have substantial experience and success in the prosecution of class action, both statewide and national in scope.

(e) The defendants' actions have affected all class members similarly. The issues which affect plaintiff and the class members predominate over any which may affect only the

4

interest of any particular class member.

(f) A class action is superior to other available methods for the fair and efficient adjudication of this controversy under F.R.Civ.P. 23(b)(3) since individual joinder of all members of the class is impracticable. Furthermore, as the actual damages suffered by each individual member of the class are relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of such individualized litigation would not only be enormous but also would present the potential for inconsistent or contradictory judgments and would magnify the expense, inconvenience and use of valuable resources by all parties and the court system in multiple trials. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the par-ties and the court system, and protects the rights of each class member.

8. For many years Hertz and other car rental companies have provided the important service of renting cars and other vehicles to business and leisure travelers.

9. Throughout the 1980's and early 1990's the car rental business was characterized by vigorous price competition. Hertz and other rental car companies engaged in large scale campaigns through the media and other channels to promote their competitive rental rates and corporate or affinity group discounts.

10. Although price competition between and among rental car companies has subsided, rental car customers continue to choose Hertz or other companies based principally upon the rates and corporate or affinity group discounts they advertise and promote.

11. State and local governments in the State of Alabama have enacted laws and ordinances which impose taxes upon rental car companies. These taxes are adopted separately by state, municipal and county governments, and differ from one Alabama location to another. The tax set by state statute is a "license" tax and is set at one and one half percent of "gross proceeds". §40-12-222 Ala. Code (1975).

12. Rental car customers of necessity rely on Hertz and other rental car companies to accurately calculate and represent those taxes, if any, that rental car companies are permitted to recover from their customers and not to deceive or mislead them as to the nature or amount of the taxes.

13. Beginning at a date as yet unknown to plaintiff but as early as 1990, and continuing through the present, Hertz and its licensees have added surcharges and fees to their Alabama rental agreements that are facially indistinguishable from taxes including, among others, "TRS" or "tax. The imposition of these taxes, surcharges, or fees is in direct violation of rulings by the Revenue Commissioner of Alabama, in opinions dated December 5, 1990 and December 12, 1990.

14. State and local rental car taxes in effect at Alabama car rental locations that are assessed against rental car companies range from a low of 1.5% to a high of 4.5%. However, Hertz and its licensees assess their rental car customers TRS or tax of 8% at each of their car rental locations in Alabama.

15. The surcharges, fees, and taxes assessed by Hertz and its licensees are not authorized or permitted by state and local law, and are actually disguised rental rate increases. Therefore, rental car customers are misled both as to the nature of these charges and the

6

corporate or affinity group be entitled.

## COUNT I

### (Breach of Contract)

16.  Plaintiff realleges the allegations contained in all preceding paragraphs of the complaint.

17.  On, to wit, July 17, 1998, and prior to, and/or subsequent to, that time, plaintiff Davis and the members of the class she represents, entered into contracts with defendant Hertz and with various of its licensees. Pursuant to the terms of said contracts, they agreed to rent automobiles from said defendants and to pay for said rentals agreed upon individual, corporate, or affinity group rates, with any agreed upon discounts.

18.  As part of said contracts relevant herein, defendants agreed that plaintiff and the class would be charged only for such taxes as were permitted or required by applicable law and that they would be charged for only such tax reimbursements as defendant paid. Defendants further agreed that the only unspecified fees plaintiff and the class would be charged were airport related fees.

19.  Defendants breached their contracts with Plaintiff Davis, and with the class she represents, by making unauthorized and illegal charges, which had not been agreed upon by plaintiff; by effectively increasing plaintiff's agreed upon rental rates through the making of excess and deceptive charges that consumers would expect to be included in the rental rates they were charged; and by charging tax reimbursements beyond the taxes they are obligated to pay. Defendants also have breached the said contracts by charging fees which are not airport related fees; and by making as part of TRS, charges that are unrelated to taxes. Finally, any contractual

provision authorizing the imposition of the license tax paid by Hertz upon Hertz customers is void against the public policy of Alabama.

20. As a proximate consequence of said breach of contract, plaintiffs has been injured in that they have been caused to pay excessive amounts of money to defendants.

WHEREFORE, premises considered, plaintiff prays for judgment for compensatory damages in an amount to be determined by the jury, plus interest and costs.

## COUNT II

### (Unjust Enrichment)

21. Plaintiff realleges the allegations contained in all preceding paragraphs of the Complaint.

22. The conduct of defendants, as aforesaid, constitutes an unjust enrichment in that the defendants have been enriched at the expense of plaintiff and the class.

23. As approximate cause of said unjust enrichment, plaintiff and the class have been injured as aforesaid.

WHEREFORE, premises considered, plaintiff prays for judgment for compensatory damages in an amount to be determined by the jury, plus interest and costs.

## COUNT III

### (Suppression)

24. Plaintiff realleges the allegations contained in all preceding paragraphs of the complaint.

25. By virtue of the affirmative representations made by the defendants to plaintiff and the class relative to the nature and amount of charges being assessed to them; by virtue of

8

defendants' extensive advertising of rental rates; by virtue of defendants' superior knowledge; by virtue of the fiduciary duty defendants have assumed relative to their customers with respect to the payment and reimbursement of taxes; and by virtue of other special circumstances related to this case, defendants have a duty to disclose certain material facts to plaintiff and the class.

26. Among the material facts that defendants have a duty to disclose are that in connection with the payment of taxes for which reimbursement is sought and obtained from plaintiff and the class, defendants are prohibited by law from recovering from their customers those taxes that defendants are obligated to pay; that defendants retain, or do not otherwise remit, a significant portion of said charges; that defendants are recovering more in TRS from plaintiff and the class than defendants actually pay in taxes; that the "related charges" assessed by defendants in connection with the purported recovery of taxes paid by defendants have no uniform or actual relationship to the taxes paid; that the less defendants pay in taxes, the more charges they assess against plaintiff and the class in connection with those charges; and that the rates quoted to plaintiff is not the true rates charged by defendants, but rather that defendants assess charges and fees to plaintiff for defendants' ordinary overhead expenses of doing business, which fees plaintiff and the class would reasonably expect to be included in rental rates.

27. Plaintiff and the class reasonably relied by making reservations with defendants for the rental of automobiles; by actually renting vehicles from defendants; and by paying deceptive charges and fees that should not have been assessed by defendants or paid by plaintiff.

28. As a proximate consequence of said suppression, plaintiff and the class were injured as aforesaid.

WHEREFORE, premises considered, plaintiff prays for judgment for compensatory and punitive damages in an amount to be determined by the jury plus, interest and costs.

## COUNT IV

### (Misrepresentation)

29. Plaintiff realleges the allegations contained in all preceding paragraphs of the complaint.

30. At various times related to this complaint, defendants represented to plaintiff and the class that they were recovering through the TRS only the taxes actually paid by defendants to various taxing authorities. Also at various times related to this complaint, defendants represented that they were making only those charges in connection with the TRS as related to the TRS.

31. The said representations were false in that defendants have charged through the TRS more for reimbursement of taxes than the taxes actually paid by defendants. Moreover, the charges made by defendants through the TRS have had no uniform, mathematical or other relationship to the amount of taxes paid by defendants. The said misrepresentations were made intentionally with knowledge of their falsity, recklessly and wantonly without knowledge, or innocently and by mistake.

32. Plaintiff and the class reasonably relied on said misrepresentations as aforesaid. The reliance by each member of the plaintiff class occurred when each member rented a car from defendants.

33. As a proximate consequence of said misrepresentations, plaintiff and the class were injured as said.

10

WHEREFORE, premises considered, plaintiff prays for judgment for compensatory and punitive damages in an amount to be determined by the jury plus, interest and costs.

## COUNT V

### (Common Law Conspiracy)

34. Plaintiff realleges the allegations contained in all preceding paragraphs of the complaint.

35. Hertz and all of its Alabama licensees entered into a conspiracy beginning as early as 1990 to, among other things, suppress the information and/or to make the false representations as aforesaid.

36. Defendants have done those things they conspired and concerted to do. As a proximate consequence thereof, plaintiff and the class were been injured as aforesaid.

WHEREFORE, premises considered, plaintiffs pray for judgment for compensatory and punitive damages in an amount to be determined by the jury plus, interest and costs.

## COUNT VI

### (Lack of Statutory Authority)

37. Plaintiff realleges the allegations contained in all preceding paragraphs of the complaint.

38. Defendants have no statutory or other authority to assess against plaintiff and the class a TRS for taxes assessed against defendants by governmental taxing authorities. Indeed, passing on to customers the tax imposed by §40-12-222 is itself a violation of Alabama law. Defendants, therefore, have made a charge against plaintiff contrary to law.

WHEREFORE, premises considered, plaintiff prays for judgment for compensatory damages in an amount to be determine by the jury plus, interest and costs.

### INJUNCTIVE RELIEF

39.  Plaintiff realleges the allegations contained in all preceding paragraphs of the complaint.

40.  Pursuant to Rule 65 F.R.Civ.P. plaintiff and the class she represents request that the Court issue a permanent injunction enjoining defendants as follows:

(a)  Each defendant should be enjoined from collecting any amount of money denominated as a "tax" or "taxes" when such amount is greater than any taxes actually paid by defendants to the State of Alabama or to any municipality or county;

(b)  Each defendant should be enjoined from collecting any TRS until the legislature authorizes such tax recovery surcharges;

(c)  Each defendant should be required to represent clearly and conspicuously to actual prospective customers renting at Alabama rental locations, in a manner to be determined by the court, the effective rate including surcharges and taxes that they are being charged;

(d)  Order each defendant to refund each class member the amount paid by each in excess of any tax actually paid by defendants to the State of Alabama or to any municipality or county and further to refund to each class member the amount of any tax recovery surcharges charged to each class member; and,

(e)  Alternatively the court should enjoin Defendants from passing on to their customers the tax imposed by §40-12-222.

(f)     Grant such other and further relief to which class members may be entitled.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

*/s/ Russell Jackson Drake*

Whatley Drake, L.L.C.
505 North 20th Street
1100 Financial Center
Birmingham, Alabama 35203

*/s/ H. Kenneth Kudon*

Kudon Law Firm
2000 L Street, N.W.
Suite 200
Washington, D.C. 20036

Robert D. Segall
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 344
Montgomery, Alabama 36101-0344

**PLEASE SERVE DEFENDANT(S)**
The Hertz Corporation
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Decatur Transit, Inc.
T.E. Dobbs, President
161 1st Avenue N.E.
Decatur, Alabama 35601